Chief Justice Makshali,
delivered the opinion of the Court.
Ward contracted with Langstaff & Hulme to build a steam boat for him at Paducah. After the hull of the boat was built, Longstaff & Hulme employed Marsh to put up and complete the carpenter’s work on the cabin, and h^employed various mechanics who actually did the work. These mechanics not having been fully .paid by Marsh, who was in fact unable to pay except as supplied with the means by Langstaff & Hulme, filed *338 their bill against Ward, Langstaff & Hulme, claiming a lien upon the boat for their respective claims, which are specifically' set forth and alleged to be on account of work done on the boat; but they say nothing of the manner of their employment, nor of any contract. The answer of Langstaff & Hulme denies that complainants have a lien on the boat, alleges that.they contracted with Ward to build the boat, and that they employed Marsh to build the cabin, for which they had paid him, and that he had employed the complainants, and that they looked to him for pay. This answer purports to have been filed by Ward also. But he does not appear to have sworn to it, nor in fact to have been a party to it, the allegations being evidently those- of Langstaff & Hulme alone.
The act of 1839: (3 Stat. Law, 11) gives a lien on steamboats built or repaired or equipped in Kentucky, where so built', repaired, or equipped by the master, owner, or consignee, and for materials furnished, &c.
The act of 1839, statute law 112, by the second clause of the 1st section, declares that steam boats built, repaired, and equipped within this Commonwealth, shall be liable for all debts contracted by the master, owner, or consignee thereof, on account of work, supplies, or materials, furnished by mechanics, tradesmen, or others, for, or on account of, or towards the building, repairing,&c., of such boat, and that this" liability shall be enforced by proceeding in rem. The lien in this case is denied on the ground that the complainants did not contract with the master, owner, or consignee, and that their claim not being a debt contracted by either of these persons, is not within the statute. But it can scarcely be doubted that the statute intended to protect the claims of the very persons who do the work or furnish the materials. And although its terms ' do not literally'embrace such claims unless they constitute-a debt contracted by the master, owner, or consignee, it may be presuméd'that the Legislature intended find supposed that these' terms would embrace sub-; stantially all/óáses of building, equipping, or -repairing, in v?hich the -persons who might actually do the work- or furnish the- materrials, might be supposed to do it on • the -credit of the boat or its owners; who -might be ex *339 pected in all cases to be represented by thft master or consignee, or by some agent especially authorized to contract for them. We feel bound, to give the most liberal construction to the words of the statute, so as to effectuate its presumed intention.
The persons performing tire work or furnishing the materials, are prima facie entitled to the benefit of the lien security on steamboats; unless the circumstances show that they looked to the per sonal responsibility of their employer alone, and those resisting the lien are bound to repel the prima iacie presumption.
In the first place then, the price due for the building of theboat, must in the nature of thecase, be a debt contracted by or for the owner, and the boat is madeliable for it, unless by the contract, such liability is waived or precluded. In the second place, as this liability was intended to secure payment for the work done and materials furnished, the persons who do the work and furnish the materials, though they may not have contracted personally with the master or owner, but have been employed by the original contractor or his agent, or a sub-contractor, are prima facie entitled to the benefit of this security, unless the circumstances are such as • to show that they looked to the personal responsibility .of their employer alone, or unless it be shown that the boat never was, or is no longer liable for the price of its construction, or that the person who employed the actual laborers and furnishers, has been in good faith paid by his employer, so that their demand for labor or materials cannot equitably be traced-as a debt due by the original contractors or by the boat. And in the third place, we think the circumstances which repel this pri" ma facie lien should be-shown by those, who resist its enforcement.
In this case the bill alleging that the complainants did the work on the boat, shows prima facie that they are entitled to a lien. Ward the original employer and presumed owner, does not say that the complainants have no lien, nor that they were not employed -by him or by his authority, nor that he ha-s paid the original contractors Langstaff Hulme, nor that the contract price is not due to them, nor that it is not a lien on the boat. The allegations and denials of - Langstaff & Hulme have already been stated. 'But the proof does not authorize the conclusion that the complainants *340 looked alone to the personal ability and responsibility of MiU'sh for their pay. The fair deduction from the testimony is, that they considered him as being unable to pay except through the means to be furnished by Ward, or by Langstaff & Hulme, as payment for their work, and that they looked to him only as the medium of receiving the pay from his employers. And although Langstaff & Hulme say they have paid Marsh, the proof of this allegation is, that he being indebted to them by account, was employed by them in this and other work as a means of balancing the account, that he was furnished partially with money during the progress of this work, and paid it out to the laborers, &c., employed by him, and that although the account of Langstaff & Hulme against him, exceeded his against them; there had been no settlement.
If the complainants did not actually look to the boat for their security, they looked to Langstaff & Hulme, which must have been known to these contractors, and they could not by putting their insolvent debtor between themselves and the laborers, shield themselves from responsibility without showing that by payment to their sub-contractor, they had enabled him to make payment to the laborers in the manner contemplated. Their unsettled account in partfor pre-existing demands will not suffice, and the boat being liable to Langstaff & Hulme, for the price of construction, there is no equitable circumstance to prevent the complainants from enforcing that liability for their own benefit. The price of this work and labor is due by the boat and its owners. By the express contract it is payable to Langstaff & Hulme, and could not at law be claimed by the complainants as a debt due to them from the owner of the boat.— But the circumstances under which they were induced to do the work on the employment of the insolvent debtor of Langstaff & Hulme authorize them in equity to look to Langstaff & Hulme, and through them to the boat for payment. Notwithstanding the intermediate contracts, the boat is liable for the work done, un *341 less the first contractor has been paid or had released or abandoned that security. And we say, the doers of the work may enforce this liability as a debt contracted by the owner, because it was created primarily for their benefit, and there is no circumstance shown which should preclude them from enforcing it. But on the contrary, equity requires that unless Langstaff Hulme pay the claims, they should be enforced against the boat as so much of the debt due to Langstaff fe Hulme from its owners as the price of its construction. And as the bill shows a case for the enforcement of the lien» and the defendants have failed to repel the right apparent on the face of the bill, we are of opinion that the lien should have been enforced accordingly, for the several amounts appearing to be due to the complainants respectively.
Husbands for appellant; B. Monroe for appellees.'
Wherefore the decree is reversed, and the cause remanded for a decree as above indicated.